IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **NANCY B. MILLER,** <br>     Plaintiff <br><br> vs. <br><br><br> **OMOTAYO B. ALLI,** <br> **MOFFETT FLOURNOY,** <br> **CHATTAHOOCHEE CIRCUIT PUBLIC** <br> **DEFENDER OFFICE, and** <br> **GEORGIA PUBLIC DEFENDER** <br> **STANDARDS COUNCIL,** <br>     Defendants. | * <br> * <br> * <br> * <br> * <br> *   **CIVIL ACTION:** <br> *   **FILE NUMBER:** _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Nancy B. Miller (hereafter, "Plaintiff") against **OMOTAYO B. ALLI,** in her official capacity as Director of the Georgia Public Defender Standards Council; Moffett Flournoy, in his official capacity as Circuit Public Defender for the Chattahoochee Judicial Circuit (hereafter "Defendants"), Chattahoochee Circuit Public Defender Office, and the Georgia Public Defender's Standards Council, for Discrimination based upon Race, Gender/Sex, and Retaliation. This action seeks Declaratory, Injunction, and Equitable Relief, as well as Compensatory and Liquidated Damages on behalf of the Plaintiff from Defendant who deprived Plaintiff of her rights because of Race, Gender/Sex, and caused Damages to the Plaintiff. The Plaintiff is an African-American Female.

**NATURE OF ACTION**

1.

This is a proceeding for Declaratory and Injunctive Relief and Monetary Damages to redress the deprivation of rights secured to the Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. Section 2000 et. seq. (hereafter "Title VII"); and the Thirteenth Amendment of the United States Constitution.

## JURISDICTION

**2.**

The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, Section 1343(3), Section 1343(4), and, 42 U.S.C. Section (5) conferring original jurisdiction upon this Court of any Civil Action to recover Damages or to secure equitable relief under any Act of Congress providing for the protection of Civil Rights under the Declaratory Judgment Statute, 22 U.S.C. Section, 2201, under 42 U.S.C. Sections 1981 and 1983, and under Title VII, 42 U.S.C. Sections 2000E, ET, Seq. and the Thirteenth Amendment of the United States Constitution. The Court's pendant jurisdiction of claims under Georgia State Law is invoked.

## VENUE

**3.**

Venue is properly laid in this judicial district pursuant to 42 U.S.C. Section 2000e-5 and 28 U.S.C. Sections 1390, because the employment practices forming the basis of this action were undertaken within the Columbus Division of the Middle District of Georgia.

## PARTIES

**4.**

Plaintiff is a citizen of the United States and a resident of the State of Georgia. Plaintiff has been employed with the Office of the Public Defender since March of 2006 as an attorney. The current leadership assumed authority on or about January of 2012.

**5.**

Defendant, **OMOTAYO B. ALLI,** is sued in her official capacity as Director of the Georgia Public Defender Standards Council, and has a principal place of business in Fulton County, GA.

**6.**

Defendant **CHATTAHOOCHEE JUDICIAL CIRCUIT OFFICE** is subject to the personal jurisdiction of the Court as it is a state agency and public institution located and headquartered in Georgia.

**7.**

Defendant, **MOFFETT FLOURNOY** is sued in his official capacity as CPD of the Muscogee County Public Defender's Office of the Chattahoochee Judicial Circuit.

**8.**

Defendant **PUBLIC DEFENDER STANDARDS COUNCIL** is a public entity with an office in Atlanta, Georgia and is an entity of the State of Georgia. The principle place of business is Fulton County, Georgia.

## SERVICE OF PROCESS

**9.**

The Chief Executive Office of the Georgia Public Defender's Standards Council is Director **MOTAYO B. ALLI**, who may be served at her office at 104 Marietta Street, N.W., Suite 600, Atlanta, GA 30303.

**10.**

The Chief Public Defender for the Chattahoochee Judicial Circuit is Moffett Flournoy who may be served at his office at 420 10th Street, Columbus, Georgia 31901.

**11.**

The Director of the Risk Management Division of the Department of Administrative Services is Wade Damron, who may be served at his office at Georgia Department of Administrative Services, 200 Piedmont Avenue SE, Suite 1804, West Tower, Atlanta, GA 30334-9010.

**12.**

A copy of the complaint shall be mailed to the Attorney General at his usual address by certified or statutory overnight delivery, return receipt requested with a certificate/verification attached to the copy of the complaint.

**13.**

The Attorney General is Christopher M. Carr, who may be mailed a copy of the complaint at the Office of the Attorney General, 40 Capitol Square SW, Atlanta, GA 30334.

**14.**

Plaintiff has performed well in her position. The current leadership failed to follow its policy and never evaluated Plaintiff until 2020. Prior to 2020, the only evaluation ever conducted, which was completed by the previous leadership in 2006, was very favorable. At the time of the evaluation, the current Chief Public Defender, Moffett Flournoy, was the supervisor for the division in which Plaintiff worked.

**15.**

During a conversation in the office of a supervisor, Steve Craft, Plaintiff inquired about minority hiring. Among other comments, Mr. Craft responded that they did not want to lower standards. Plaintiff responded that standards did not have to be lowered to hire persons of color. Plaintiff believed she was opposing a discriminatory practice at that time. Defendant Craft did not withdraw or change his comment.

**16.**

Plaintiff reported the comment to Mr. Flournoy a couple of days later. Said conduct by the Plaintiff is protected activity.

**17.**

Plaintiff then entered an extended criminal trial. When Plaintiff finished the trial, she discovered that Mr. Flournoy had executed a written reprimand listing various claims. The

reprimand was issued without notice to the Plaintiff and in retaliation for opposing what she believed to be a discriminatory hiring practice.

**18.**

The Plaintiff discovered the reprimand in an email on a Friday after her trial concluded, and Mr. Flournoy advised that she would be required to attend a meeting with him and Mr. Craft Monday. The Plaintiff worked the weekend to put together a response to refute the claims.

**19.**

In the initial meeting, Plaintiff presented the information refuting the claims, and requested that the Defendant rescind the reprimand. Mr. Flournoy refused to rescind the reprimand; although, after Plaintiff disputed the claims, he noted they were only really interested in one of the claims involving an appeal. Similarly situated white employees have not been treated the same.

**20.**

Mr. Flournoy maintained that he had consulted with Human Resources about this action. He indicated that Human Resources had advised that they could terminate the Plaintiff's employment. In that same meeting, Defendant Craft admitted that he did make the comment reported by Plaintiff in response to her inquiry about minority hiring. He said he meant the office wanted qualified people.

**21.**

The Defendant scheduled follow-up meetings with the Plaintiff, although no such meetings had ever been conducted prior to this time. In a subsequent meeting, Mr. Craft, who brought forth the claims against the Plaintiff after she reported his comment, said Human Resources would be reviewing the notes of the meeting. He said he would provide Plaintiff with documentation from Human Resources once he received a response. Mr. Craft never provided anything to Plaintiff.

**22.**

Around this time, Plaintiff, through counsel, contacted the Public Defender Standards Counsel, and advised the Defendant of what was occurring, and that she believed this was retaliation, because she had reported Mr. Craft. Thereafter, the office meetings abruptly ceased.

**23.**

Nonetheless, Moffett Flournoy and Steve Craft, without notice, excluded Plaintiff from an office raise that year. Plaintiff only learned of this denial from Public Records Salary Information. Plaintiff has been advised by Steve Craft that raises were not given that year.

**24.**

Additionally, around this time, Moffett Flournoy and Steve Craft changed the terms and conditions of Plaintiff's responsibilities in a manner that made her schedule more vigorous than before while similarly situated white employees were not similarly treated.

**25.**

Also around this time, Defendant began scrutinizing the Plaintiff's performance in an effort to find some deficiency. The Defendant made inaccurate statements regarding the Plaintiff's work. Defendant has nottreated similarly situated white employees the same under the same circumstances.

**26.**

The Plaintiff, through counsel, made additional and repeated attempts to communicate with the Public Defender Standards Council by letter and telephone regarding the office conditions and treatment of the Plaintiff. The Standards Council did not respond.

**27.**

Defendants' actions have created a hostile work environment.

**28.**

On or about March 16, 2019, Plaintiff filed a Charge with the Equal Employment Opportunity Commission.

**29.**

During the investigation of this matter, Defendants continued to maintain their racially, discriminatory practices with regards to Plaintiff including continued economic discrimination and unfairness in work assignments.

**30.**

On May 7, 2021, the EEOC issued Notice of Right to Sue by the U. S. Department of Justice which Plaintiff received on or after May 10, 2021, and the within and forgoing complaint is filed within 90 (ninety) days of Plaintiff's receipt of such notice.

**31.**

Plaintiff alleges that Defendant has denied her equal treatment and retaliated (Title VII, Section 1981) and discriminated against her with respect to race, gender/sex, and conditions or privileges of employment.

**32.**

Plaintiff timely charged Defendants with unlawful employment practices, has timely commenced this action and has exhausted the administrative remedies afforded her by 42 U.S.C., Section 200e. et seq. (Dismissal and Notice of Right to Sue, Exhibit 1.)

**33.**

Plaintiff is entitled to back pay from the earliest provable discriminatory practice, injunctive relief, and other affirmative relief, her costs and attorney's fees, and other relief of and from the Defendant.

**34.**

As a direct and proximate result of Defendants' failure to observe Plaintiff's rights and privileges accorded by law in the premises, Defendants have violated a legal duty as an employer to Plaintiff, as well as the clear directive set forth in 42 U.S.C. Section 200e et. seq. and is liable in damages to Plaintiff for her loss occasioned thereby.

**35.**

During all times relevant to this action as a result of Defendants' actions, Plaintiff has been damaged, and Defendants are liable in damages to Plaintiff in her loss occasioned thereby in an amount to be proven at trial. Plaintiff reasserts and incorporates all allegations alleged in the preceding paragraphs.

**36.**

As a result of the policy of illegal discrimination implemented and practiced by the Defendants, Plaintiff has been damaged, and Defendants are liable in damages to Plaintiff for her loss occasioned thereby in an amount to be proven at trial.

**37.**

Plaintiff is entitled to attorney's fees and costs from the Defendant for bringing this action pursuant to Title IVV and 42 U.S.C., Section 1988.

Wherefore, Plaintiff prays as follows:
a. That summons issue and that the Defendants be served as by law provided;
b. That she have such affirmative relief as may be appropriate, including appropriate consideration for administrative assignment and injunctive relief;
c. That she have and recover from the Defendants all special damages which may be shown at the trial in this case, including back pay from the time of the unlawful employment practices;
d. That she recovers from the Defendants general damages as may be allowed by law;
e. That she have and recover punitive damages;
f. That she have and recover from the Defendants an award of costs and attorney's fees;

g.  That she have a TRIAL BY JURY of all issues triable by jury, and

h.  That she have such other and further relief as to which she may be shown herself entitled;

i.  That Plaintiff be allowed to amend this complaint as warranted and allowed by law.

Dated this 26th day of July, 2021.

                                  The Law Offices of J. Mark Shelnutt and
                                  William J. Kendrick, II
                                  Attorney for Plaintiff

By: *s/J. Mark Shelnutt*
            J. Mark Shelnutt
            Ga. State Bar No.:  004020
            Justice No.: 3765636

The Law Offices of J. Mark Shelnutt and
William J. Kendrick, II
233 12th Street, Suite 600
Columbus, Georgia  31902-1437
Tel: 706.324.4343
Fax: 706.221.5408
Email: legalsecretary@shelnuttlaw.com; jms@shelnuttlaw.com

9

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| **NANCY B. MILLER,** | * |
|     **Plaintiff** | * |
| | * |
| **vs.** | * |
| | * |
| | *   **CIVIL ACTION:** |
| | *   **FILE NUMBER: _____** |
| **OMOTAYO B. ALLI,** | * |
| **MOFFETT FLOURNOY,** | * |
| **CHATTAHOOCHEE CIRCUIT PUBLIC** | * |
| **DEFENDER'S OFFICE, and** | * |
| **GEORGIA PUBLIC DEFENDER** | * |
| **STANDARDS COUNCIL,** | * |
|     **Defendants.** | * |

**CERTIFICATE OF SERVICE**

I, J. Mark Shelnutt, hereby certify on July 26th, 2021, caused the forgoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

Respectfully submitted,

                                          The Law Offices of J. Mark Shelnutt and
                                          William J. Kendrick, II
                                          Attorney for Plaintiff

                                    By: *s/J. Mark Shelnutt*
                                          J. Mark Shelnutt
                                          Ga. State Bar No.:  004020
                                          Justice No.: 3765636

The Law Offices of J. Mark Shelnutt and
William J. Kendrick, II
233 12th Street, Suite 600
Columbus, Georgia  31902-1437
Tel: 706.324.4343
Fax: 706.221.5408
Email: legalsecretary@shelnuttlaw.com; jms@shelnuttlaw.com