```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

NANCY B. MILLER,                     *

    Plaintiff,                   *

vs.                                  *

GEORGIA PUBLIC DEFENDER              *     CASE NO. 4:21-cv-00129-CDL
STANDARDS COUNCIL,
CHATTAHOOCHEE CIRCUIT PUBLIC         *
DEFENDER'S OFFICE, OMOTAYO B.
ALLI, and MOFFETT FLOURNOY,          *

    Defendants.                  *

O R D E R

Under Federal Rule of Civil Procedure 10(b), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comport with this rule is grounds for dismissal as a shotgun pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021). "When a litigant files a shotgun pleading… and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).[1]

---

[1] This principle, which requires the Court to provide shotgun pleading plaintiffs with two bites at the apple, seems to apply whether the plaintiff is pro se or represented. *Id.* The Court understands why a pro se litigant may deserve a second shot, but the Court is not as sympathetic to a lawyer who should know how to file a complaint that complies with

The operative complaint in this action is the original complaint as amended by Miller's previously filed amendment. Text Order (Sept. 14, 2021), ECF No. 10. The complaint does not comport with Rule 10(b) because causes of action are not clearly distinguished in separate paragraphs, and it does not sufficiently connect factual allegations to specific causes of action. The original complaint treats the Defendants collectively without describing how particular Defendants allegedly breached any duty owed to Miller. The amendment is an improvement, but it still does not contain separate counts clearly identifying Miller's causes of action and connecting the relevant factual allegations to the applicable cause of action.

The Court will permit Miller to amend her complaint to correct the complaint's Rule 10(b) deficiencies. The Court orders Miller to file an amended and restated complaint that specifies: (1) what causes of action are asserted against each Defendant, (2) which factual allegations form the basis of each claim against each Defendant, and (3) the legal theory upon which she asserts liability against each Defendant. This amended and restated complaint shall be filed within 14 days of today's order. Failure to file an amended and restated complaint within that time that complies with Rule 10 shall result in dismissal of this action.

---

the Federal Rules. Nevertheless, in light of the Court of Appeals's leniency in this area, the Court allows counsel another chance here.

Defendants' present motion to dismiss (ECF No. 12) is terminated as moot.

IT IS SO ORDERED, this 6th day of December, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
