IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| NANCY B. MILLER, | * |
| Plaintiff, | * |
| vs. | * |
| GEORGIA PUBLIC DEFENDER STANDARDS COUNCIL, as it governs, manages, and controls the CHATTAHOOCHEE CIRCUIT PUBLIC DEFENDER'S OFFICE, OMOTAYO B. ALLI, in her Official Capacity as Director of the Georgia Public Defender Standards Council, and MOFFETT FLOURNOY, in his Official Capacity as Circuit Public Defender for the Chattahoochee Judicial Circuit | *  *  *  *  CASE NO. 4:21-CV-129 (CDL)  *  *  *  * |
| Defendants. | * |

O R D E R

Plaintiff Nancy Miller, an attorney with the Chattahoochee Circuit Public Defender's Office (CCPDO), complains that she was subjected to racial discrimination, retaliation, and a hostile work environment. She asserts claims against Moffett Flournoy, the Circuit Public Defender for the CCPDO, and against Omotayo Alli, the Director of the Georgia Public Defender Standards Council (GPDSC). Defendants move to dismiss Miller's second amended complaint because it is untimely and otherwise fails to state any claim upon which relief may be granted. In an attempt to bolster

her claims, Miller seeks to amend her complaint again. Three chances to state a valid claim are enough, and the Court denies her motion to amend (ECF No. 23). Defendants' motion to dismiss Miller's second amended complaint (ECF No. 20) is granted for the following reasons.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

In her second amended complaint, the operative complaint, Miller alleges the following facts in support of her claims. The

2

Court must accept these allegations as true for purposes of the pending motion to dismiss.

In 2006, Miller started working for the Public Defender's Office in Muscogee County, Georgia. In 2017, the office hired several new attorneys, all of whom were white. Shortly thereafter, in March 2017, Miller asked Chief Assistant Public Defender Steve Craft whether any racial minorities had applied for these positions. Craft, who was responsible for hiring decisions, responded in part that the office "did not want to lower standards." 2d Am. Compl. ¶ 20, ECF No. 17. Miller replied that "the office did not have to lower standards" to hire racial minorities. *Id*. Miller reported Craft's comment to Flournoy two days later. Flournoy informed Miller that "he did not look at race and wanted to have other attorneys who could perform" like Miller. *Id*. ¶ 21.

After Miller's conversation with Flournoy, Miller began a trial. During the trial, a court clerk notified Miller that one of her appeals to the Georgia Court of Appeals was going to be dismissed because Miller had failed to sign the appeal documents. Miller requested Craft's assistance with the appeal issue since she was actively engaged in a trial. After her trial concluded, Miller learned that Flournoy had issued her a reprimand due to the appeal mistake and other issues. Miller met with Craft and Flournoy to discuss the reprimand, offered information to refute

3

the reprimand's claims, and asked Flournoy to withdraw it. After hearing this information, Flournoy said that he was only concerned about the appeal issue in the reprimand, but he refused to withdraw it. Miller believed that the reprimand was in retaliation for her reporting to Flournoy Craft's comment about the qualifications of the applicant pool for the recently hired attorneys. Craft admitted that he made the comment but "denied that his comment was about race. He said he simply meant the office wanted qualified people." *Id.* ¶ 24. As to the subject of the reprimand, which was based largely on Miller's careless handling of the appeal, Flournoy told Miller that he was authorized to take more severe action against her, including termination. Miller later attempted to contact the GPDSC to report that she was retaliated against because she complained about Craft's comment, but the GPDSC never responded.

A few months later, Flournoy and Craft increased Miller's workload by making "her schedule more rigorous than before." *Id.* ¶ 29. Then, in 2019, Miller learned from the Public Records Salary Information Site that she had been excluded from a raise in 2017. When she asked Craft why she had not received a raise two years earlier, he "led [her] to believe that raises had not been given," which she contends was false. *Id.* ¶ 28.

Miller then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). After the EEOC issued

4

a right-to-sue letter, Miller initiated this action in July 2021. Miller's current complaint asserts claims against each Defendant for (1) race discrimination, retaliation, and a racially hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) race discrimination under the Fourteenth Amendment's Equal Protection Clause, asserted through 42 U.S.C. § 1983; and (3) retaliation under 42 U.S.C. § 1981.[1]

## DISCUSSION

Defendants move to dismiss Miller's complaint in its entirety, arguing that Miller's Title VII and § 1983 claims are untimely and that her § 1981 retaliation allegations fail to state a plausible claim upon which relief may be granted.[2] To the extent that the individual Defendants are sued in their individual capacities, they also assert that they are entitled to qualified immunity.

---

[1] Unlike her Title VII claims—which allege separate causes of action for discrimination, retaliation, and a hostile work environment—Miller's operative complaint limits her § 1981 claim to retaliation.

[2] Defendants also argue that Miller's second amended complaint is a shotgun pleading in violation of Federal Rule of Civil Procedure 10(b), because it does not assign particular facts to particular claims and incorporates all preceding paragraphs in each count. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021) (defining these shotgun pleading categories). The Court previously ordered Miller to correct her complaint's Rule 10(b) deficiencies. *Miller v. Georgia Pub. Def. Standards Council*, Case No. 4:21-cv-129-CDL, 2021 WL 5772447, at *1 (M.D. Ga. Dec. 6, 2021). While the operative complaint is not a model of clarity, Defendants ascertained which facts supported her causes of action, and the second amendment complaint is an improvement on her first amended complaint. Thus, Miller's operative complaint is not dismissed as a shotgun pleading.

I.  **Miller's Title VII and § 1983 Claims Are Untimely.**

Defendants maintain that Miller's Title VII claims are time-barred because she did not administratively exhaust them by filing her EEOC Charge of Discrimination within 180 days of the alleged discriminatory acts.  Miller responds that she timely filed her EEOC Charge in 2019 after she discovered that she had been denied a 2017 raise.

Miller appears to base her Title VII claims upon her employer's failing to give her a raise, reprimanding her for a careless appeal, increasing her workload, and maintaining a racially hostile work environment.  It is clear from Miller's operative complaint that all these allegedly unlawful employment practices preceded the filing of her EEOC charge by substantially more than 180 days.  Accordingly, they are time-barred unless a basis exists for tolling the limitation period.

Miller does not make much of an argument for tolling her EEOC Charge deadline, and the Court is hesitant to make arguments for her.  The Court nevertheless analyzes the tolling issue. A Title VII plaintiff must file an EEOC Charge of Discrimination within 180 days "after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1); *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (describing Title VII's Georgia statute of limitations).  But this statute of limitations may be equitably tolled if Miller alleges that she diligently

6

pursued her rights but extraordinary circumstances prevented her from timely filing her Charge. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (further stating that, at the motion to dismiss stage, a plaintiff "can plead [herself] out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances"); *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) ("The timely-filing requirements of Title VII . . . are . . . subject to equitable tolling.").

Each alleged discriminatory act supporting Miller's claims-the denied raise, reprimand, increased workload, and acts constituting an alleged hostile work environment-occurred in 2017. Miller filed her Charge in 2019, so it is untimely unless the limitations period is equitably tolled.[3] Neither Miller's operative complaint nor her briefing in response to Defendants' motion to dismiss demonstrates facts that would support any contention that she diligently pursued her rights. She was well aware in 2017 of the reprimand, the comments that she relies upon

---

[3] It is unclear when exactly Miller filed this Charge. Miller's second amended complaint states that she filed her EEOC Charge on March 16, 2019. 2d Am. Compl. ¶ 34. According to an exhibit attached to Defendants' most recent motion to dismiss, she filed her Charge on September 16, 2019. 2019 EEOC Charge 1, ECF No. 20-1. And Miller's proposed third amended complaint states contradictorily that she filed that Charge on either September 16, 2019 or September 19, 2019. Proposed 3d Am. Compl. ¶¶ 16, 41, ECF No. 23-1. Regardless of the specific date, it is clear that this Charge was filed more than 180 days after the alleged discriminatory acts, which occurred in 2017.

in support of her hostile work environment claim, and her increased workload. She has no excuse for failing to file an EEOC Charge within 180 days of those acts.

Furthermore, while Miller claims that she did not discover until 2019 that she had been discriminated against by not receiving a raise in 2017, she clearly knew in 2017 that she had not received a raise. All she had to do was see the amount of her paycheck. And, with some diligence, she could have discovered whether others received a raise from the same source from which she learned of the raises two years later. Craft's alleged misrepresentation when he was confronted by her two years later does not support the suggestion that he concealed other raises two years before. Miller failed to show any diligence in discovering whether she was excluded from a raise for discriminatory or retaliatory reasons. Under these circumstances, tolling of the limitation period is not authorized. Because Miller failed to file her Charge of Discrimination within 180 days of the alleged unlawful employment practices, her Title VII claims must be dismissed.

Miller also argues that Defendants' alleged racially discriminatory conduct violates her equal protection rights under the Fourteenth Amendment. She asserts these claims, which are based upon the same discriminatory acts as her Title VII claims, pursuant to § 1983. But these claims are likewise time-barred, albeit for a slightly different reason. The statute of limitations

for these claims is two years. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam); *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007) (stating that the § 1983 limitation period and tolling rules are generally drawn from state law). Miller did not file her initial complaint until almost four years after these alleged discriminatory acts occurred. It is clear that Miller was well aware of the acts that she complains about more than two years before she filed her complaint. She knew she had been reprimanded, subjected to an increased workload, exposed to an alleged hostile work environment, and had not received a raise. Thus, it is largely undisputed that most of these claims are time-barred.

As to the failure to receive a raise claim, Miller argues that, under Georgia law, the statute of limitations should be tolled until she discovered her denied raise, because Craft suggested that no 2017 raises had been given after Miller learned otherwise and Flournoy never told her that she was denied a raise. Georgia law permits tolling of a statute of limitations if the plaintiff was fraudulently deterred from bringing an action. O.C.G.A. § 9-3-96. "A plaintiff who seeks to toll a limitation period under OCGA § 9-3-96 must" allege that actual fraud committed by the defendant "concealed the cause of action from the plaintiff, such that the plaintiff was debarred or deterred from bringing an action" and that "the plaintiff exercised reasonable diligence to discover [her] cause of action despite [her] failure to do so

9

within the statute of limitation." *Doe v. Saint Joseph's Cath. Church*, 870 S.E.2d 365, 371 (Ga. 2022) (internal quotation marks omitted) (quoting *Daniel v. Amicalola Elec. Membership Corp.*, 711 S.E.2d 709, 716 (Ga. 2011)). Neither Miller's operative complaint nor her briefing supports the conclusion that Miller acted with reasonable diligence to discover that she was denied the raise or that Flournoy or Craft concealed the denied raise from Miller. Tolling of the statute of limitations under the circumstances presented here is not authorized. Accordingly, Miller's § 1983 claims must be dismissed as time-barred.

## II. Miller's § 1981 Retaliation Claims Fail.

As already discussed, Miller claims that Defendants retaliated against her because she complained of race discrimination by reprimanding her for the careless appeal, increasing her workload, and denying her a raise in 2017. Miller brings these race-based retaliation claims pursuant to § 1981. Defendants seek dismissal of these claims against CCPDO, GPDSC, and Flournoy and Alli in their official capacities because they are state actors and "§ 1983 constitutes the exclusive federal remedy for violation by state actors of the rights guaranteed under § 1981." *Bryant v. Jones*, 575 F.3d 1281, 1288 n.1 (11th Cir. 2009). Because any such claim is time-barred if brought through § 1983, it must be dismissed for the reasons explained previously.

So, Miller's § 1981 claims against CCPDO, GPDSC, and Flournoy and Alli in their official capacities are time-barred.[4]

The caption of Miller's operative complaint only describes Flournoy and Alli as being sued in their official capacities. But Miller's second amended complaint does assert § 1981 retaliation claims against them in their individual capacities. 2d Am. Compl. ¶¶ 6, 8. Thus, the Court will address those claims. Some of those claims are barred by the four-year statute of limitations applicable to § 1981, but because the operative complaint is not sufficiently specific to allow the Court to ascertain which ones fall beyond the four-year limitation period at this stage of the proceedings, the Court does not dismiss the § 1981 individual capacity claims on that basis.[5]

These claims, however, cannot survive because they do not state plausible claims upon which relief may be granted and because Flournoy and Alli are entitled to qualified immunity. To state a

---

[4] It is unclear whether Miller may assert a standalone § 1981 retaliation claim against Flournoy or Alli in their individual capacities, or whether such claims must also be asserted through § 1983. *Cf. King v. Butts Cnty.*, 576 F. App'x 923, 930 (11th Cir. 2014) (per curiam) (concluding a genuine fact dispute existed for plaintiff's § 1981 claims, which were not asserted through § 1983, against a state official defendant solely in his individual capacity). Regardless, as discussed below, Miller's § 1981 retaliation claims against Flournoy and Alli in their individual capacities clearly fail.

[5] The statute of limitations for § 1981 retaliation claims is four years. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1338-39 (11th Cir. 2008). Although her operative complaint does not provide clear dates for when the alleged retaliatory acts occurred, her EEOC Charge states that they began in May 2017. Miller initiated this action in July 2021, so at least some of her § 1981 retaliation claims are time-barred.

11

plausible § 1981 retaliation claim, a plaintiff must allege that she engaged in a "statutorily protected activity" that is causally connected to a "materially adverse action" taken by the defendant. *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1176 (11th Cir. 2016).

Miller's operative complaint does not allege retaliation against Alli because it offers no facts describing how Alli individually took an adverse retaliatory action against Miller. The only factual allegation in the operative complaint that could be directed against Alli is that the GPDSC, led by Alli, did not act on Miller's complaints about Flournoy and Craft. Without more, Miller's operative complaint does not "contain sufficient factual matter, accepted as true," to state a plausible § 1981 retaliation claim against Alli individually. *Iqbal*, 556 U.S. at 678.

As to Miller's § 1981 claim against Flournoy in his individual capacity, Miller's operative complaint does not allege facts showing that she engaged in a statutorily protected activity. "An employee's complaint about discrimination constitutes protected activity if the employee could 'reasonably form a good faith belief that the alleged discrimination existed.'" *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018) (quoting *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir. 1999)); *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) (clarifying that the plaintiff's belief must be "*objectively*

12

reasonable in light of the facts and record presented"). Under the facts presented in the operative complaint, Miller did not have an objectively reasonable belief that Craft engaged in unlawful discrimination. When Miller approached Craft about why he had not hired any racial minority lawyers for the new positions, she claims that Craft responded that the office "did not want to lower standards." 2d Am. Compl. ¶ 20. This is the only fact Miller alleges to support her contention that she had an objectively reasonable belief that she was complaining about unlawful discrimination when she reported the comment to Flournoy. Yet, the comment was not directed at Miller's qualifications. And it did not even indicate generally that any hiring decisions would be based upon the race of the applicant. In fact, Miller's interpretation of the comment is inconsistent with her actual hiring experience. The response simply indicated that race would not be a factor in any hiring decisions and that standards would not be lowered to meet any type of racial quota. The reasonable interpretation of the statement is that Craft sought to hire attorneys based on merit, not race. This one vague statement, which is perhaps subject to misinterpretation, does not support a conclusion that Miller had a reasonably objective belief that Defendants were engaged in discriminatory employment practices. Because Miller did not have an objectively reasonable belief that Craft engaged in unlawful discrimination, she did not engage in a

13

statutorily protected activity when she reported the remark to Flournoy. Thus, Miller has not plausibly alleged facts to support a § 1981 retaliation claim against Flournoy individually.

Even if the Court is wrong and Miller did engage in protected conduct when she reported Craft's comment to Flournoy, and even if she did allege a causal connection between the protected activity and a materially adverse action, Flournoy would still escape liability because he is entitled to qualified immunity.[6] "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003)); *see Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1379-80 (11th Cir. 1997) (extending qualified immunity against § 1981 claims in the public employee retaliation context). Miller concedes that Flournoy performed discretionary functions. While "the right to be free from racially motivated retaliation under § 1981" is clearly established, *Bryant*, 575 F.3d at 1310 n.32, the

---

[6] Defendants also argue that Alli is entitled to qualified immunity for the same reasons that Flournoy is so entitled: no reasonable official in her position would have known in these circumstances that her conduct would have amounted to racially motivated retaliation. It is clear that Miller's operative complaint does not state a § 1981 retaliation claim against Alli, but even if it did the Court concludes that Alli would be entitled to qualified immunity against such a claim.

14

relevant inquiry is whether a reasonable person in Flournoy's position would have known under the circumstances alleged here that his conduct amounted to retaliation motivated by complaints of racial discrimination. *See Rioux v. City of Atlanta*, 520 F.3d 1269, 1283 (11th Cir. 2008) (§ 1981 claim at the summary judgment stage); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1300 (11th Cir. 2007) (equal protection claim at the motion to dismiss stage). The Court finds that, under the circumstances alleged in Miller's operative complaint, Flournoy's actions did not violate clearly established law. Therefore, he is entitled to qualified immunity as to Miller's individual capacity claims.

**III. Miller May Not Amend Her Complaint Again.**

Apparently recognizing the inadequacies of her second amended complaint, Miller seeks to amend her complaint a third time. The Court acknowledges that leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). But the Federal Rules do not contemplate that pleading shall be a trial-and-error exercise in which the plaintiff can continually modify her complaint in response to deficiencies pointed out in motions to dismiss. As recognized by the Court of Appeals, "a motion for leave to amend may appropriately be denied . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed" or "where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108-09 (11th Cir. 2014) (internal

15

quotation marks omitted) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)). Miller has filed three complaints in this action. Defendants have moved to dismiss each complaint by pointing out its deficiencies. And Miller has responded to each motion by seeking leave to amend to correct those deficiencies. At this point, Miller has had ample opportunity to properly plead her claims. Further, granting Miller leave to file an additional amendment would be futile, because her proposed third amended complaint would not cure the deficiencies regarding the claims that have been dismissed here. Thus, Miller's motion to amend her complaint a third time is denied. It is time for Miller to move on—either to the Court of Appeals or to a recognition that she simply has no legal claim for her perceived unfortunate predicament.

CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss Miller's second amended complaint (ECF No. 20) is granted. Miller's motion to amend her complaint a third time (ECF No. 23) is denied.

IT IS SO ORDERED, this 11th day of July, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

16